[Crim. No. 3719. Second Dist., Div. One. Oct. 16, 1944.]

THE PEOPLE, Respondent, v. GUS ZAMMORA et al., Defendants; ANDREW ACOSTA et al., Appellants.

George E. Shibley for Appellants.

Robert W. Kenny, Attorney General, Eugene M. Elson, Deputy Attorney General, Fred N. Howser, District Attorney, and John Barnes, Deputy District Attorney, for Respondent.

WHITE, J.—In an indictment returned by the Grand Jury of Los Angeles County the above named three appellants were charged in count I with the crime of murder and in counts II and III with the commission of the crime of assault with a deadly weapon with intent to commit murder.

Following a jury trial, all three appellants herein were acquitted of the charge of murder as set forth in count I.

Appellant Andrew Acosta was found guilty of the crime of assault, a lesser offense but one necessarily included in the offenses set forth in counts II and III of the indictment. Judgments were pronounced against him sentencing him to the

county jail for the term of six months on each count; the sentences to run consecutively.

Appellant Eugene Carpio was found guilty of the crime of assault with a deadly weapon, the same being a lesser and necessarily included offense in the crimes charged by counts II and III of the indictment. He was sentenced to the county jail for the term of one year on each count, and the court ordered said sentences to run concurrently.

Appellant Joseph William Valenzuela was also found guilty of the crime of assault with a deadly weapon, a lesser but necessarily included offense in the crimes alleged in counts II and III of the indictment. He was also sentenced to the county jail for the term of one year on each count, and the court ordered said sentences to run concurrently.

For a detailed statement of the factual background surrounding this prosecution, see the opinion filed in this case October 4, 1944, *ante,* p. 166 [152 P.2d 180], as to defendants Gus Zammora, et al.

With reference only to the above named three appellants, there has this day been filed in this court the following stipulation, signed by their respective counsel and also by the attorney general representing the respondent.

"It is Hereby Stipulated by and between the parties to the above entitled action that the following facts are true and correct and may be considered by the above-entitled Court as a part of the record herein:

"That on January 12, 1943, Defendant and Appellant, Andrew Acosta, was found not guilty of the crime of murder under count one of the indictment herein, but guilty of assault under count two and guilty of assault under count three; that on February 1, 1943, the Court below made and pronounced the following judgment and sentence as to the said defendant and appellant: that for the crime of assault as charged in Count two, the said Andrew Acosta be imprisoned in the County Jail of Los Angeles County for a period of six months; that for the crime of assault as charged in count three that said Andrew Acosta be imprisoned in the County Jail of Los Angeles County for the period of six months. That these sentences run consecutively.

"That the said Defendant and Appellant, Andrew Acosta, was remanded to the Custody of the Sheriff of Los Angeles County on February 1, 1943 and was on that day imprisoned

in the said County Jail until February 27, 1943 when he escaped therefrom. That he was again imprisoned in the said County Jail under the judgment and sentence herein on March 1, 1943, and remained imprisoned therein continually until July 5, 1944 when he was released from the said County Jail. That all time to be served by the said Defendant and Appellant, Andrew Acosta, under the judgment and sentence herein has been served by him and that the said judgment has been fully satisfied.

"That on January 12, 1943, Defendant and Appellant, Eugene Carpio, was found not guilty of the crime of murder under count one of the indictment herein, but guilty of the crime of assault with a deadly weapon under count two of the indictment and guilty of the crime of assault with a deadly weapon under count three thereof; that on February 1, 1943 the court below made and pronounced the following judgment and sentence as to the said defendant and appellant: that for the crime of assault with a deadly weapon under count two, the said Eugene Carpio be imprisoned in the County Jail of Los Angeles County for a period of one year; that for the crime of assault with a deadly weapon under count three the said Eugene Carpio be imprisoned in the County Jail of Los Angeles County for the period of one year. That both sentences run concurrently.

"That the said Defendant and Appellant, Eugene Carpio was remanded to the custody of the Sheriff of Los Angeles County on February 1, 1943 and was on that day imprisoned in the said County Jail until December 2, 1943 when he was released by reason of his sentence having expired. That all time to be served by the said Defendant and Appellant, Eugene Carpio, under the judgment and sentence herein has been served by him and that the said Judgment has been fully satisfied."

"That on January 12, 1943, Defendant and Appellant, Joseph William Valenzuela, was found not guilty of the crime of murder under count one of the indictment herein, but guilty of the crime of assault with a deadly weapon under count two, and guilty of the crime of assault with a deadly weapon under count three thereof; that on February 1, 1943, the court below made and pronounced the following judgment and sentence as to the said Defendant and Appellant: that for the crime of assault with a deadly weapon under count

two, the said Joseph William Valenzuela be imprisoned in the County Jail of Los Angeles County for the period of one year; that for the crime of assault with a deadly weapon under count three the said Joseph William Valenzuela be imprisoned in the County Jail of Los Angeles County for the period of one year. That both sentences run concurrently.

"That the said Defendant and Appellant, Joseph William Valenzuela, was remanded to the custody of the Sheriff of Los Angeles County on February 1, 1943, and was on that day imprisoned in the said County Jail until January 2, 1944, when he was released by reason of his sentence having expired. That all time to be served by the said Defendant and Appellant, Joseph William Valenzuela, under the judgment and sentence herein has been served by him and that the said judgment has been fully satisfied.

 The foregoing stipulation establishes the fact that these three appellants served the respective sentences imposed upon them and that said judgments as to them have been fully satisfied. It therefore becomes unnecessary to do more than refer to the errors of law occurring at their trial as set forth in detail in the opinion rendered in the appeal of defendants Zammora et al., *supra*, which errors required a reversal of the judgment.

Having fully satisfied the judgments pronounced against them, it is manifest that, as to these three appellants, no new trial should be ordered, but the interests of justice require as to them a reversal of the judgments and the orders denying their motions for a new trial.

Upon the authority of the opinion filed in this case as to defendants Zammora et al., *supra*, and for the reasons therein stated, it is ordered that, as to appellants herein Andrew Acosta, Eugene Carpio and Joseph William Valenzuela, the judgments of conviction and orders denying their motions for a new trial, and each of them, be and they are reversed. Pursuant to stipulation on file in the above entitled cause, remittitur to issue forthwith.

York, P. J., and Doran, J., concurred.